UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CORY EGER and ALEXIS VANPELT,[1]

                      Plaintiffs,

      -against-

SOUTHWEST CREDIT SYSTEMS, L.P.,

                      Defendant.
-------------------------------------------------------X

**MEMORANDUM & ORDER**
17-CV-0819 (SJF)(AYS)

**FILED**
**CLERK**
4/11/2019 11:17 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

I.      Introduction

      Plaintiff Cory Eger ("Plaintiff" or "Eger") commenced this action against defendant Southwest Credit Systems, L.P. ("Defendant" or "SWC"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*See* Compl., ECF No. 1.) Presently before the Court is SWC's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (hereafter, "Summary Judgment Motion"). (*See* ECF No. 31.) Plaintiff opposes the Motion. (*See* ECF No. 32 (hereafter, the "Opposition" or "Opp'n").) For the reasons that follow, the Motion is GRANTED.

---

[1] On July 16, 2018, Plaintiff Vanpelt dismissed the counts of the Complaint involving her, *i.e.*, Counts I and II. (*See* ECF No. 28.) As a result, she is no longer a party to this action.

II.　Background

　　*A. Factual History*[2]

Plaintiff is a citizen of New York and is a "consumer" as defined by 15 U.S.C. §1692a(3). (*See* Rule 56.1 Counter ¶5, 7.) Defendant, a Texan entity with its principal place of business in Carrollton, Texas, is a "debt collector" as defined by 15 U.S.C. §1692a(6). (*See* Answer, ¶¶7, 9.) Defendant alleges that Plaintiff owes a "debt" (*see id.*, ¶11) and as that debt was primarily for personal, family or household purposes, it is a debt as defined by 15 U.S.C. §1692a(5). (*See* Rule 56.1 Counter, ¶15).

In an effort to collect the debt, Defendant sent Plaintiff a debt collection letter dated May 21, 2016 (the "Letter"). (*See* Answer, ¶15; *see also* Ex. C[3] (the "Letter")(ECF No. 31-3 at 10-11), *attached to* Hazzard Aff.) The Letter appears on SWS letterhead and includes the following table in the upper right-hand corner:

---

[2] The facts are taken from the parties' Rule 56.1 Statements (*see* ECF Nos. 31-1 (hereafter, "Rule 56.1 Statement") & 32-1 (hereafter, "Rule 56.1 Counter")) and Defendant's answers to Plaintiff's allegations. (*See* Answer (ECF No. 7.) To the extent Plaintiff has relied on her Complaint in support of her "Additional Undisputed Material Facts," and to the extent they relate to facts which are immaterial to the present issue, *i.e.*, whether "Defendant failed to sufficiently identify, from the perspective of the least sophisticated consumer, the name of the creditor to whom the debt is allegedly owed" (Rule 56.1 Counter, ¶3 (Response)), the Court repeats them herein for context to this decision.

[3] The Court notes that while the Letter is identified as "Exhibit C" in paragraph 2 of the Hazzard Affidavit (*see* ECF No. 31-3 at 1), as docketed in the case, it is mislabeled as Ex. B (*see* ECF No. 31-3 at 9-11); however, it is correctly labeled as Ex. C in the courtesy copy provided to Chambers.

| Account Summary |
|---|
| **Creditor** <br> Verizon |
| **Creditor Account No.** <br> [redacted]5276 |
| **Southwest Reference No.** <br> [redacted]3214 |
| **Principal** <br> $295.61 |
| **Interest** <br> $0.00 |
| **Total Amount Due** <br> $295.61 |
| **Discounted Amount** <br> $162.59 |
| **Total payments received since Charge off** <br> $0 |
| **Adjustments made since Charge Off** <br> $0 |

(*See* Ex. C (hereafter, the "Summary Table").) The Letter beings:

> Dear Cory Eger:
>
> Your account has been assigned to this office for collection. The records of Verizon show that your account has a past due balance of $295.61.
>
> Reserving the right to negotiate, our client has advised us that they are willing to resolve your account in full for 55% of the total due. However, the full discounted amount should be received in our office by an agreed upon date. * * *

(*Id.*) Just above a payment coupon at the bottom of the Letter is an outlined box with text which begins: "This is an attempt to collect a debt by a debt collector." (*Id.*)

At the bottom of the Letter is the payment coupon. Among other things, it informs Plaintiff that "Debit or credit card charges will appear on your card statement from 'SWC'." Also, in the upper right-hand corner of the payment coupon is the following table:

3

| Southwest Reference No. | Creditor Account No. |
|---|---|
| [redacted]3214 | [redacted]5276 |
| *SWC CC* ||
| 03568 – VERIZON 2ND RES-NY ||
| Payment Amount Enclosed | |
| | $[left blank] |

(*Id.*) The payment coupon is addressed to:

>Southwest Credit Systems, L.P.
>4120 International Pkwy. Suite 1100
>Carrellton, TX 75007-1958

(*Id.*)

    *B. Procedural History*

On February 14, 2017, Eger commenced this action against SWS alleging that the Letter violates §1692g(a)(2) (*see, e.g.,* Compl., Count III, ¶33 ("Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. §1692g(a)(2).").) He contends that given the many entities registered in New York that begin their legal name with "Verizon", the least sophisticated consumer would likely be uncertain as to whom the debt is owed. (*See id.* at ¶43.) He also claims a violation of § 1692e (*see id.*, Count IV) on the basis that the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, who would likely be deceived in a material way by the Letter. (*See id.* at ¶¶57, 59.)

On April 17, 2017, Defendant answered Plaintiff's Complaint denying both of his causes of action and raising affirmative defenses. (*See* Answer, ECF No. 7.) The case was stayed pending the Second Circuit's decision of the appeal of *Taylor v. Fin'l Recovery Servs., Inc.*, 252 F. Supp.3d 344 (S.D.N.Y. 2017). *See* 886 F.3d 212 (2d Cir. 2018). After the stay was lifted, on September 17, 2018, Defendant moved for summary judgment.

*C. The Parties' Positions*

Defendant argues that identifying Plaintiff's creditor simply as "Verizon" is sufficient under the FDCPA since that is the commonly used name for Verizon Communications Inc. and its various subsidiaries and other entities, and the least sophisticated consumer would not be confused by the use of that moniker. (*See* Motion at 2; *see also id.* at 4 (citing *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010)("The lease sophisticated consumer . . . is neither irrational nor a dolt."); *see also id. at 6* ("Even the least sophisticated consumer would be aware of what identifying the creditor as Verizon meant, especially if that consumer had purchases service from Verizon.").) It asserts:

> Plaintiff admitted that he knew Verizon as the subject creditor.
>
> **REQUEST FOR ADMISSION NO. 6:** Admit that when you received the letter from SWC dated May 21, 2016 and marked as Exhibit 1 to your Complaint, you knew the creditor Verizon.
> **RESPONSE:** Admit.
>
> See [*sic*] Plaintiff's [R]esponse to Defendant's Request for Admissions attached to the Declaration of Brendan H. Little, Ex. A, p.2. Thus, the idea that Plaintiff or the hypothetical least sophisticated consumer would be confused as a result of listing the creditor as Verizon is clearly incorrect.

(*Id.* at 4.) Hence, since "multiple courts and the FTC have stated that it is permissible to identify a creditor by a commonly used name under which it usually transacts business," SWC's use of "Verizon" in the Letter does not offend the FDCPA, thereby warranting summary judgment in its favor. (*See id.*)

Plaintiff takes issue with the cases upon which Defendant relies, arguing primarily that they are not binding precedent on this Court. (*See* Opp'n at 10-11.) He puts forth that the Letter he received is more akin to the so-called "RE" cases decided in this District since the word "Verizon" appears "only [in the] upper right-hand of the Letter, in a table," and "[b]eyond this

5

reference, neither the words "Verizon" nor "creditor" appear *anywhere* in the body of the Letter." (*Id.* at 12.) He further contends that the least sophisticated consumer would be confused because of the more than forty registered Verizon entities which exist and the lack of an explanation of the relationship between SWC and Verizon. (*See id.* at 13.) He encourages the Court to follow *White v. Professional Claims Bureau, Inc.*, 284 F. Supp.3d 351 (E.D.N.Y. 2018), where, in ruling on a summary judgment motion involving "Re" collection letters, Judge Bianco found those letters to violate §§1692g(a)(2) and 1692e. (*See id.* at 13-14 (citing *White*, 284 F. Supp.3d at 355).)

III. <u>Discussion</u>

    *A. Motion for Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015); *Kwong v. Bloomberg*, 723 F.3d 160, 164-65 (2d Cir. 2013); *Viola v. Philips Med. SYS. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994) (holding summary judgment appropriate only where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the nonmovant, that no rational jury could find in the nonmovant's favor. *See Chertkova v. Conn. Gen'l Life Ins., Co.*, 92 F.3d 81, 86 (2d Cir. 1996). Although the evidence is viewed in favor of the non-moving party, *see Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "the mere existence of a

scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the [fact-finder] could reasonably find for the [non-movanat]." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005)(internal alterations and quotation marks omitted). It is insufficient to "rely on conclusory allegations or unsubstantiated speculation" to defeat a summary judgment motion. *Id.* (Internal quotation marks omitted). Instead, when the moving party has documented particular facts in the record, "the opposing party 'must set forth specific facts showing that there is a genuine issue for trial,'" *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986)(quoting FED. R. CIV. P. 56(e)), which requires going beyond the allegations of the pleadings. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted).

    B.  The FDCPA

        1.  <u>Generally</u>

Congress enacted the FDCPA "with the aim of eliminating abusive practices in the debt collection industry, and also sought to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting 15 U.S.C. § 1692(e)). The statute should be construed liberally. *See Katz v. Sharinn & Lipshie*, PC, 12-cv-2440, 2013 WL 4883474, *1 (E.D.N.Y. Sept. 11, 2013)(collecting cases); *see also McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) (instructing that debt collection letters are to be analyzed as a whole). To establish a violation of the FDCPA, a plaintiff must establish that: "(1) the plaintiff is a consumer within the meaning of the [A]ct; (2) the defendant is a debt collector; and (3) the defendant must have engaged in conduct in violation of the statute." *Coburn v. P.N. Fin'l*, No. 13-cv-1006, 2015 WL 520346, *3 (E.D.N.Y. Feb. 9, 2015) (internal quotation marks and citation

omitted). The FDCPA "is a strict liability statute and a single violation is sufficient to establish liability." *Gonzalez v. Healthcare Recovery Mgmt., Inc.*, No. 13-cv-1002, 2013 WL 4851709, *2 (E.D.N.Y. Sept. 10, 2013); *see also Ellis*, 591 F.3d at 133-35.

2. The "Least Sophisticated Consumer" Standard

In the Second Circuit, when analyzing whether a communication violates the FDCPA, "courts apply an objective standard based on the 'least sophisticated consumer.'" *Dewees v. Legal Servicing, LLC*, 506 F. Supp.2d 128, 132 (E.D.N.Y. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)); *see also Ellis* 591 F.3d at 135 (same). The "least sophisticated consumer" standard is "measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *DeSantis v. Comp. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (quoting *Russell v. Equifax*, 74 F.3d 30, 34 (2d Cir. 1996)). Therefore, courts "must analyze 'collection letters from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences.'" *Dewees*, 506 F. Supp.2d at 132 (quoting *Spira v. Ashwood Fin., Inc.*, 358 F. Supp.2d 150, 156 (E.D.N.Y. 2005)). Ultimately, whether a communication violates the FDCPA depends upon "whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp.2d 214, 216 (E.D.N.Y. 2009) (internal quotation omitted). Thus, a collection letter may violate the FDCPA if it "could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection." *Gabriele v. Am. Home Mortg. Serving, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (including communications which are "contradictory, vague or threatening" as possibly violating the FDCPA).

3. § 1692g(a)(2)

Pursuant to 15 U.S.C. § 1692g, a debt collection letter must contain "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). To satisfy § 1692g(a)(2), a communication must "clearly and effectively convey [the creditor's] role in connection with the debt." *Lee v. Forster & Garbus LLP*, 926 F. Supp.2d 482, 487 (E.D.N.Y. 2013). "While 'the Second Circuit appears not to have directly addressed how clearly a debt collection notice must identify the name of the creditor,' numerous decisions in this circuit have found collection letters to be in violation of § 1692g(a)(2) for among other reasons, failing to make the creditor's identity explicit, or identifying a creditor only once." *White*, 284 F. Supp.2d at 362 (citing *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-cv-3549, 2016 WL 4148330, at *8-11 (E.D.N.Y. Aug. 4, 2016); *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp.2d 293, 300-01 (E.D.N.Y. 2005)); *see also Goldstein v. Diversified Adjustment Serv., Inc.*, No. 17-cv-4729, 2017 WL 5592683, *2 (E.D.N.Y. Nov. 20, 2017)("[c]ourts of this district have repeatedly held that merely stating RE and the name of an entity in a collection letter does not satisfy the requirements of the FDCPA." (quoting *Taylor v. MRS BPO, LLC*, No. 17-cv-1733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017)). In determining whether a collection letter violates § 1692g(a)(2), "[t]he court's role is to assess whether the 'least sophisticated consumer' *who read[s] the entire letter* would have been aware that the name of the creditor appeared in the letter . . . ." *Dewees*, 506 F. Supp.2d at 132 (emphasis added); *see also McStay*, 308 F.3d at 191 (holding that debt collection letters are to be analyzed as a whole).

4. § 1692e

Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

1692e. Although § 1692e identifies certain conduct that is considered "false, deceptive, or misleading," the list is non-exhaustive. *Id.*; *see also Tsenes v. Trans-Cont'l Credit & Collection Corp.*, 892 F. Supp. 461, 464 (E.D.N.Y. 1995) ("The sixteen subsections of § 1692e set forth a nonexhaustive list of practices that fall within this ban."). Courts in the Second Circuit have held that a failure to identify a creditor in violation of § 1692g(a)(2) is also a false, deceptive, or misleading representation for purposes of § 1692e. *See McGinty v. Prof'l Claims Bureau*, No. 15-cv-4356, 2016 WL 6069180, at *6 (E.D.N.Y. Oct. 17, 2016); *see also Datiz*, 2016 WL 4148330, at *12 (denying a motion to dismiss a claim arising under 15 U.S.C. § 1692e where the plaintiff adequately stated a claim arising under § 1692g(a)(2)); *Lee*, 926 F. Supp.2d at 486-88 (holding that allegations that the defendant failed to identify the plaintiff's current creditor were sufficient to state a claim for violation of both § 1692g and § 1692e of the FDCPA); *see also, e.g., Taylor*, 2017 WL 2861785, at *3 (where § 1692g(a)(2) standard was met, assuming without deciding that plaintiff had a viable § 1692e(10) claim).

 C. The Present Case

  1. § 1692g(a)(2)

Since letters must be read in their entirety, the use of a potentially misleading label may be cured by other language within the letter that alerts even the least sophisticated consumer to the identity of the creditor to whom the debt is owed. *See, e.g., Taylor,* 2017 WL 2861785, at *3 (finding collection letter's use of "Re: [Creditor X]" was adequate to identify the creditor where the letter also mentioned [Creditor X] "in a context that 'implicitly ma[de]] clear' that [Creditor X] is the current creditor" (citation omitted)); *Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12-cv-4281, 2014 WL 4471396, at *5 (E.D.N.Y. Sept. 10, 2014) (finding any potential label confusion "was alleviated by defendant's plain statement that the debt defendant intended to

collect was 'on behalf of our above referenced client'"). Here, assessing the Letter through the prism of the 'least sophisticated consumer' who reads the entire collection letter, the Court finds the Letter does not violate § 11692g(a)(2) of the FDCPA.

First, the least sophisticated consumer would have been aware that the creditor is Verizon since Verizon is clearly labeled as such in the Summary Table. Second and of significance, Plaintiff's account number with Verizon, a unique identifier, is provided. Providing Verizon's name and the consumer's account number with Verizon "strongly suggests" that Verizon is the current creditor *See Taylor*, 2017 WL 2861785, at *3 (citing *Santibanez v. Nat'l Credit Sys., Inc.*, No. 6:16-cv-081, 2017 WL 126111, at *3 (D. Or. Jan. 12, 2017)("Here, the subject line contains a single name (EMC's) and a single account number. That strongly suggests EMC is the creditor.")). Moreover, even the least sophisticated consumer is assumed to know how to verify his or her account by cross-referencing it to the account number provided. *See id.* ("Even an unsophisticated consumer could match the last four digits of the account number to her former credit card and recognize that the 'CLIENT ACCT#' referred to her account with the [creditor]."). Third, the only other entity mentioned in the letter is SWC, which is clearly identified as a debt collector at the bottom of the Letter. *See id.* (citing as comparison, *Walls v. United Collection Bureau, Inc.*, No. 11-cv-6026, 2012 WL 1755751, at *2 (N.D. Ill. May 16, 2012)(finding confusing a letter that lists one entity as the debt collector's "client" and another as the "current owner")). This fact, in conjunction with the content of the first two sentences in the body of the Letter, *i.e.*, "Your account has been assigned to this office for collection. The records of Verizon show that your account has a past due balance . . . ," strongly implies that Verizon is the creditor upon which SWC is acting. Faced with a similar collection letter, District Judge Ross came to the same conclusion. In *Romano v. Schachter Portnoy, L.L.C.*, No. 17-cv-

1014, 2017 WL 2804930, at *2 (E.D.N.Y. June 28, 2017), the subject collection letter was on the debt collector's letterhead and "explicitly informed the reader 'that this firm is acting as a debt collector'." *Id.* at *2. Judge Ross stated, "That established, there is no other way to understand the disclosure that, '[t]his firm has been retained by the above-named client to collect the amount due, indicated above' than to conclude that the current owner of the debt is that above-named client." *Id.* The case is stronger here: Verizon is identified as the creditor in the Summary Table; SWC opens its letter by first stating that Plaintiff's account, which is identified in the Summary Table as Verizon's account number, has been assigned to it for collection; and, the next sentence immediately discusses the "records of Verizon".[4] (*See* Letter.) Finally, the payment coupon, while addressed to SWC and informing the debtor that "[d]ebit or credit card charges will appear on your card statement from 'SWC'", also includes references to Verizon and its account number with Plaintiff. (*See* Letter.) Thus, to the extent Plaintiff contends SWC's reference to "Verizon" is amorphous, where a corresponding account number is provided, which is a distinct reference point that even the least sophisticated consumer is deemed to understand and be able to use to verify basic debtor/creditor information, this argument is unavailing. The cumulative effect of these features of the Letter, when read as a whole, warrants the conclusion that the least sophisticated consumer would know the name of the creditor to whom the debt is owed, thereby satisfying § 1692g(a)(2).

Indeed, the characteristics of the Letter provide the "something more" missing from many of the "Re" cases, *see, e.g., White*, 284 F. Supp.3d at 359-60[5] (finding single reference to

---

[4] To the extent Plaintiff argues the word "Verizon" appears only in the Summary Table and nowhere in the body of the Letter (*see* Opp'n at 12), that is incorrect.
[5] *White*, *Diaz*, and *McGinty* all involved the same form collection letter, which was found to be deficient. *See White*, 284 F. Supp.3d at 360 ("aside from the recipient-specific information they

an entity, proceeded by "Re:", deficient in providing required § 1692g(a)(2) information); *Diaz v. Prof'l Claims Bureau, Inc.*, No. 16-cv-2184, slip op. (E.D.N.Y. Nov.27, 2017); *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-cv-4356, slip op. (E.D.N.Y. Jan. 2, 2018). In *McGinty*, this Court found a form collection letter with "a single reference . . . to an entity for which, other than the preceding 'Re:' there [were] no identifiers" and with nothing else in the collection letter connecting the referenced entity to the debt collector, "[w]ithout this 'something more' . . . did not state the required § 1692g(a)(2) information clearly enough that the least sophisticated consumer would likely understand it." *McGinty* Decision at 15.

This case is also distinguishable from this Court's decision in *Guarsci v. MRS BPO, LLC*, No. 17-cv-3679, slip op. (E.D.N.Y. Oct. 24, 2017), which involved a "RE: Verizon" collection letter. In denying the debt collector's motion to dismiss the case, this Court wrote, *inter alia*: "There is nothing in the Collection Letter which would allow the least sophisticated consumer to determine which Verizon entity is the creditor, the relationship between Verizon and the Defendant or the basis of Plaintiff's underlying Debt." *Id.* at 16. As an additional reason for finding the *McGinty* collection letter deficient, this Court stated that including "'Client Acct#: 1503xxxx', *without more* (such as the last four digits of a credit card account or a ten-digit phone number), is not readily decipherable or identifiable with a consumer account and, therefore, does not imply Verizon's identity in this matter." *Id.* at 17 (emphasis added)(citing as comparison *Taylor*, 2017 WL 2861785)(finding no § 1692g violation where, in addition to a "RE" reference, together with other references to the creditor, debt collector included the last four digits to the debtor-plaintiff's former credit card, which the court found even an unsophisticated consumer

---

contain, the form letters in [*White*] are identical to the letters discussed in *Diaz* and *McGinty*, and are also, therefore, deficient in the ways identified by the courts ruling in those cases").

13

could infer referenced to her account with the creditor)). The Letter in the present case does not suffer from that critical shortcoming; indeed, it is because of the inclusion of Verizon's customer number in the Letter that the least sophisticated consumer could identify which Verizon entity is implicated.

### 2. § 1692e

The essence of Plaintiff's § 1692e argument is that simply identifying the creditor as "Verizon" instead of sending a collection letter which narrows the potential range of entities to whom the alleged debt could be owed is a misrepresentation. (*See* Opp'n at 15.) For the reasons stated, *supra*, the Court disagrees. In this instance, the provision of the consumer's account number with the creditor, in conjunction with naming the creditor, albeit by its commonly used moniker, eliminates the possibility that the Letter could be reasonably read by the least sophisticated consumer to have two or more different meanings, one of which is inaccurate; given the information included in this Letter, it is neither confusing nor misleading as a matter of law. Hence, no disputed fact is presented requiring a determination by a reasonable jury.

* * *

The Court has considered the parties' remaining arguments and finds them to be without merit.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Summary Judgment Motion is GRANTED. The Clerk of Court is directed to enter judgment in Defendant's favor and then close this case.

SO ORDERED this 11th day of April 2019 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge